IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAMS, SCOTT & ASSOCIATES and JOHN T. WILLIAMS, <br><br>     Plaintiffs, <br><br>                v. <br><br> SALLY YATES, *et al.*, <br><br>     Defendants. | Civil Action No. <br> 1:19-cv-04253-SDG |

## OPINION AND ORDER

This matter is before the Court on a 28 U.S.C. § 1915(e)(2) frivolity review of Plaintiff John T. Williams's Amended Complaint [ECF 11] filed on behalf of himself and Williams, Scott & Associates (the "Company"), a corporate entity.[1] Based on the following, the Amended Complaint is **DISMISSED WITH PREJUDICE.** As such, Williams's motion for the Court to appoint counsel in this matter [ECF 14] is **DENIED AS MOOT**.

---

[1]   Despite the Court's admonishment in its November 22, 2019 Order, Williams continues to assert claims and file documents on behalf of the Company, an entity that can *only* appear through legal counsel and cannot be represented by a *pro se* party. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); LR 83.1(E)(2)(b)(I), NDGa ("[A] corporation may only be represented in Court by an attorney . . . ."). Accordingly, the Court treats this Amended Complaint as though it had been filed only on behalf of Williams individually.

**I.     BACKGROUND**

On September 19, 2019, Williams filed an application for leave to proceed *in forma pauperis* ("IFP").[2] On September 26, 2019, United States Magistrate Judge Janet K. King granted Williams IFP status for the purpose of allowing a frivolity determination by this Court.[3] The Complaint was filed the same day, alleging a cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On November 22, 2019, the Court found that the Complaint failed to survive a frivolity review.[4] Specifically, the Court found that the pleading: (1) was frivolous and failed to state a plausible claim, and (2) was barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).[5] The Court permitted Williams to file an Amended Complaint to cure the outlined deficiencies.[6] On December 20, 2019, Williams complied and filed his Amended Complaint for violation of his constitutional rights by the eighteen defendants identified in the

---

[2]   ECF 1.

[3]   ECF 2.

[4]   ECF 9.

[5]   *Id*.

[6]   *Id*.

case caption.[7] The Amended Complaint also alleged *Bivens* violations by approximately 21 other named and unnamed individuals.[8] Subsequently, on April 15, 2020, Williams filed a motion for the Court to appoint legal counsel to represent him and the Company in this case.[9]

## II.   LEGAL STANDARD

An IFP complaint must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally

---

[7]   ECF 11.

[8]   *Id.* at 22–26.

[9]   ECF 14.

similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

A *sua sponte* dismissal by the Court is authorized under § 1915(e)(2) prior to the issuance of process, to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Neitzke*, 490 U.S. at 324. In the context of a frivolity determination, the Court's authority to "pierce the veil of the complaint's factual allegations" means that it is not bound, as it usually is when making a determination based solely on the pleadings, to accept the truth of the plaintiff's allegations without question. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 490 U.S. at 325).

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. In other words, a complaint is frivolous when it "has little or no chance of success," *e.g.*, when it appears "from the face of the complaint that the factual allegations are clearly baseless[, or] the legal theories are indisputably meritless," or the pleading "seeks to enforce a right that clearly does not exist." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations and internal quotation marks omitted). *See also Neitzke*, 490 U.S. at 327.

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . [a] statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 680–85 (2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

While the federal rules do not require specific facts to be pleaded for every element of a claim or that claims be pleaded with precision, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007) (internal citations omitted). A plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court recognizes that Williams is appearing *pro se*. Thus, it must construe the Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* [IFP] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

### III.   DISCUSSION

Williams's Amended Complaint is a substantially similar recitation of his initial Complaint. The only substantive difference between the Complaint and Amended Complaint is Williams's clarification that this pleading is only seeking redress for factual events that occurred from May 27, 2014 through December 9,

2014.[10] But, despite this characterization, the Amended Complaint does not limit itself to this time period and strays into many facets of Williams's conviction.

Williams challenges the investigative and judicial process underlying his eventual conviction for conspiracy to commit wire fraud in the Southern District of New York related to his debt collection business. He alleges the handling of his criminal case by a "gang of government thugs" was a "massive HOAX" and "SCHEME disguised as a legitimate case of conspiracy to commit wire fraud."[11] According to Williams, numerous federal officials, agents, and attorneys intentionally orchestrated this "perversion of justice" by, among other things, (1) obtaining "fraudulent" arrest and search warrants; (2) manipulating judicial documents; (3) forging signatures; (4) charging him with a "fraudulent," "facially invalid," and "fake indictment;" (5) using excessive force to arrest him in his home; and (6) seizing his bank accounts so he could not afford legal representation.[12]

While the Amended Complaint identifies 18 Defendants in the case caption, Williams names a total of 21 individuals as Defendants in the body of the

---

[10]   ECF 11, at 5.

[11]   *Id.* at 27, 31.

[12]   *Id.* at 19–38.

pleading.[13] Those 21 individuals include the former acting-United States Attorney General; supervisors, directors, and agents at the FBI, FTC, and United States Attorney General's office; Assistant United States Attorneys; private attorneys; and other private individuals. The Amended Complaint contains allegations of large-scale investigative and prosecutorial misconduct against these individuals coalescing in the "massive HOAX." These individuals allegedly colluded to "manufacture a criminal case against Mr. Williams and his company."[14] Williams also contends the individual Defendants violated his constitutional rights by treating him differently based on his race and class, purportedly because the "agents were out to get [Williams] based on racial animus and nothing else."[15] Williams seeks over $300 million in compensatory and other damages.[16] In addition, he requests hundreds of millions of dollars in damages on behalf of other, unrelated entities to which Williams has not alleged any connection or association.[17]

---

[13]   *Id.* at 22–26.

[14]   *Id.* at 33.

[15]   *Id.* at 15.

[16]   *Id.* at 41–42.

[17]   *Id.*

Based on a review of the Amended Complaint, the Court finds Williams has not sufficiently cured the fatal deficiencies found in his initial Complaint. The Amended Complaint fails to state any viable claim for relief and remains barred by the Supreme Court's decision in *Heck v. Humphrey*. As a result, the Amended Complaint cannot survive this frivolity review under § 1915(e)(2).

### a.  Williams's Amended Complaint Is Frivolous and Fails to State a Claim.

As noted above, an IFP complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. The facts pleaded must "state a claim for relief that is plausible on its face." *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010). The Court is not bound to accept without question the truth of the Amended Complaint's factual allegations. *Denton*, 504 U.S. at 32. *See also Cofield*, 936 F.2d at 515 ("[A] judge performing an examination for frivolity under section 1915(d) is not required to assume the truth of the allegations."). In particular, the Court is not required to treat "wildly implausible allegations in the complaint" as true. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). *See also Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.").

After careful consideration of the Amended Complaint and the documents attached thereto, the Court finds Williams's allegations of a massive-scale cover-

up are too speculative to support a claim. The Amended Complaint is "clearly baseless" because it relies solely on supposition and conjecture, without providing any factual support. *Burch v. Wheat St. Towels*, No. 1:18-CV-5197-TCB, 2018 WL 10741754, at *1 (N.D. Ga. Dec. 18, 2018) ("Unsupported conclusory factual allegations also may be 'clearly baseless.'"). Thus, Williams's claims are frivolous and must be dismissed. *Neitzke*, 490 U.S. at 325 (holding that courts have power in frivolity review to "dismiss those claims whose factual contentions are clearly baseless").

Even assuming the truth of Williams's allegations, the Amended Complaint fails to state a claim. The pleading lacks any *concrete* facts to support Williams's theories or connect his purported injuries to the alleged scheme. There are simply not enough specific details to raise Williams's contentions above the speculative level. *Twombly*, 550 U.S. at 555–56. Instead, Williams relies on threadbare assertions, conclusions, and labels, which are insufficient. *Iqbal*, 556 U.S. at 678.

Moreover, Williams's Amended Complaint is subject to dismissal as a "shotgun pleading." A shotgun pleading is one that "employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson v.*

*Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). The Amended Complaint is a shotgun pleading because it vaguely asserts multiple claims against multiple defendants without specifying which defendant is responsible for what act or omission—and includes purported claims against individuals who are not properly named as defendants. Accordingly, Williams's Amended Complaint is also due to be dismissed as a shotgun pleading.

At bottom, the conclusory allegations in the Amended Complaint do not constitute well-pleaded facts. Nor is the Court required to accept Williams's legal conclusions as true. *Oxford Asset Mgmt.*, 297 F.3d at 1187–88. Accordingly, the Amended Complaint does not survive this frivolity review. *Carroll*, 984 F.2d at 393 (holding complaint is frivolous when it "has little or no chance of success" or "legal theories are indisputably meritless").

    **b.**    **Williams's Amended Complaint Is Barred by *Heck v. Humphrey.***

As with the initial Complaint, the Amended Complaint concerns the circumstances surrounding the criminal investigation in the Southern District of New York of Williams for conspiracy to commit wire fraud. Assuming Williams's current contentions are true, his claims for damages are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994):

> In order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for

> other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

The Court's decision in *Heck* has since been applied to frivolity reviews involving current and former federal prisoners. *Nelson v. Jimenez*, 178 F. App'x 983, 984 (11th Cir. 2006) ("We have held that although *Heck* dealt with a state prisoner's § 1983 action, the *Heck* rule applies with equal force in a *Bivens* action filed by a federal prisoner."); *Bostic v. Knoche*, No. CV415-113, 2015 WL 9286571, at *2 (S.D. Ga. Dec. 18, 2015) ("[A]lthough *Heck* addressed a state conviction, its reasoning has since been extended to likewise prohibit civil rights actions which, as here, would impugn a federal conviction.") (quoting *Casby v. Riehlman*, 2015 WL 1873210 at * 3 (E.D. La. Apr. 23, 2015)).

Williams argues *Heck* does not bar this action because he is not challenging his indictment, arrest, conviction, and imprisonment. Instead, Williams asserts he is only challenging alleged actions that occurred before his conviction, from May 27, 2014 to December 9, 2014. But this ignores the very allegations Williams makes in the Amended Complaint, which are almost uniformly aimed at his alleged innocence on the charge of conspiracy to commit wire fraud. Indeed, that is the gravamen of the Amended Complaint.

Nonetheless, parsing Williams's claims out and focusing only on the allegations concerning actions that allegedly took place from May 27 through December 9, 2014, the Court finds these allegations likewise challenge the very circumstances underpinning Williams's criminal conviction. During this period, Williams alleges federal agents obtained fraudulent arrest and search warrants, manipulated judicial documents, and charged him based on a fabricated indictment. Assuming the truth of these allegations, the unlawfulness alleged by Williams would necessarily impugn the validity of his conviction, sentence, and current term of probation. As such, because Williams remains on probation and his conviction has not been reversed, expunged, invalidated, called into question by the issuance of a writ of habeas corpus, or otherwise overturned, the Amended

Complaint constitutes an impermissible attack on his conviction and cannot survive under *Heck*.

The Court notes that some of Williams's allegations could be construed as claims falling under the Fourth Amendment for illegal search and seizure. On this issue, the Eleventh Circuit has stated:

> Because an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, *Heck* does not generally bar such claims.

*Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing *Heck*, 512 U.S. at 487 n.7). However, the Eleventh Circuit clarified that "*some* Fourth Amendment claims would, if successful, necessarily imply the invalidity of the conviction because they would negate an element of the offense." *Hughes*, 350 F.3d at 1160 n.2. As such, the Court must "look both to the claims raised . . . and to the specific offenses for which the . . . claimant was convicted." *Id*.

Here, Williams was convicted for conspiracy to commit wire fraud in relation to his debt collection business. The Amended Complaint challenges the very legality of the criminal investigation and prosecution that led to Williams's conviction. Critically, the Amended Complaint is premised on allegations that Williams is innocent of that crime. For example, among his allegations, Williams

asserts that "[t]he indictment . . . never had the substantive offense of 'wire fraud' making the indictment and the case invalid."[18] Put another way, Williams alleges the federal agents and attorneys abused the judicial process to arrest him for a "fake crime."[19] These are the exact types of claims barred by *Heck*. Therefore, although some of Williams's claims may be construed as falling under the Fourth Amendment, the Court finds the Amended Complaint is nonetheless completely barred by *Heck*.

## IV.   CONCLUSION

Williams's Amended Complaint [ECF 11] is **DISMISSED WITH PREJUDICE**. Williams's motion for the Court to appoint counsel to represent him and the Company in this case [ECF 14] is **DENIED AS MOOT**. In light of his litigation history, Williams is, or should be, aware that claims regarding these same alleged factual events are barred or otherwise lack merit. Williams is warned that further duplicative or frivolous litigation in this Court may result in an order

---

[18]   ECF 11, at 7.

[19]   *Id*. at 30.

barring him, under 28 U.S.C. § 1651, from filing new IFP actions without the Court's prior permission.

**SO ORDERED** this the 30th day of June 2020.

Steven D. Grimberg
United States District Court Judge